```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

STATE OF OHIO, ex rel.,         :
ALFORD COTTON, et al.,          :
                                :
        Plaintiffs,             :    NO:  1:11-CV-00389
                                :
    v.                          :
                                :    **OPINION AND ORDER**
CITY OF CINCINNATI,             :
et al.,                         :
                                :
        Defendants.             :

This matter is before the Court on City of Cincinnati Defendants' Motion to Dismiss (doc. 5), Plaintiff's Response in Opposition (doc. 9), and Defendants' Reply (doc. 12). For the reasons indicated herein, the Court GRANTS Defendants' Motion to Dismiss.

**I.  Background**

Plaintiffs Alford and Rubbie Cotton owned real property at 1673 Westwood Avenue in the City of Cincinnati ("the City"), that they purchased in 2002 (doc. 2). The property consisted of a four-story brick building with space for a retail business on the ground floor, and apartments in the upper floors (Id.). On September 2, 2009, the City's Department of Buildings and Inspections opened Case B200905114, as a part of which the City ultimately declared the property to be a nuisance, and demolished the building located on the property (Id.). Plaintiffs allege that the City violated their due process rights by failing to notify

them at another Cincinnati address, 72 Sheehan Ave. #1, where they allege the City had communicated with them previously (Id.). On June 4, 2011, Plaintiffs brought their four-Count Complaint, seeking mandamus relief contending the City had a duty to institute eminent domain proceedings, and seeking declaratory judgment that the demolition violated their Constitutional rights and they should not be liable for costs of demolition (Id.). They further bring a claim pursuant to 42 U.S.C. § 1983 that their due process and Fourth Amendment rights were violated, and alleging those who demolished the building trespassed onto the property (Id.).

The City filed a motion to dismiss contending the Plaintiffs lack standing because they did not live at the Sheehan Avenue address, that Plaintiff's claims are not plausible under Ashcraft v. Iqbal, 129 S.Ct. 1937, 1947 (2009), and that Plaintiffs received procedural due process (doc. 5). The City further contends its conduct in abating dangerous, unsafe, and public nuisance conditions at private property cannot constitute an unreasonable seizure in violation of the Fourth Amendment (Id.). Because in its view it was justified in demolishing the property to eliminate a nuisance, it contends no mandamus action can lie so as to force it to compensate Plaintiffs (Id.). Further, as it contends its agents had proper authority to enter the property and destroy the building, it argues Plaintiffs have no viable trespass claim (Id.). Finally, it argues the Defendants are entitled to

both statutory and qualified immunity, and that no conduct by the Defendants proximately caused any injury, but rather Plaintiffs brought any injury upon themselves by maintaining the property in a dangerous and unsafe condition (Id.). In support of their motion, the City proffered evidence of notice it provided to Plaintiffs by mail, by posting notice at the property, and by publication, which Defendants request the Court take judicial notice (Id.). Such demolition notice, in the City's view, complied with the requirements in the municipal code, and with procedural due process requirements under Jones v. Flowers, 547 U.S. 220, 226 (2006) (Id.).

Plaintiffs respond that Defendants' proffer of documents along with the motion is an improper attempt to convert a motion to dismiss into a motion for summary judgment (doc. 9). Plaintiffs argue, in any event, the documents are full of hearsay and double hearsay (Id.). In Plaintiffs' view, the Court cannot take judicial notice of public records and then use them to prove the truth of the matter asserted (Id.). Plaintiffs also contend they have sufficiently alleged standing and the City incorrectly argues otherwise based on the theory that Plaintiffs did not live at the Sheehan address (Id.). Quoting Jones, 547 U.S. at 226, Plaintiffs contend the City was required to but failed to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an

opportunity to present their objections" (Id.). In Plaintiffs view, the demolition further constituted an illegal seizure of their property (Id.). Plaintiffs argue that Defendants have not established that they are entitled to statutory immunity of their trespass claim or qualified immunity for their actions against the property (Id.).

Defendants reply by reiterating that the City had mailed, posted, and published notice concerning the 1673 Westwood Avenue property, which more than met the Jones requirement of "notice reasonably calculated" (doc. 12). Such notice, contend Defendants, is all a matter of public record, that the Court may notice (Id.). In the balance of their Reply, Defendants essentially reiterate their previous arguments (Id.).

## II. The Applicable Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232,

236 (1974). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30, citing Robert G. Bone, *Twombly*, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id., citing Twombly, 550 U.S. at 557. As the Supreme Court explained,

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal

5

conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

### III. Discussion

The parties dispute whether Plaintiffs have standing without articulating any standard. In Lujan v. Defenders of Wildlife, the Supreme Court spelled out three elements. "First, the plaintiff must have suffered an 'injury in fact,'– an invasion of a legally protected interest which is (a) concrete and particularized. . .and (b) 'actual or imminent,' not 'conjectural' or 'hypothetical'. . .Second, there must be a causal connection between the injury and the conduct complained of. . .Third, it must

6

be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" 504 U.S. 555 (1992),(internal citations omitted). Plaintiffs have clearly met the first two requirements, as they lost property as a result of government action. Whether their injury is redressable, however, is not at all likely due to the evidence before the Court. Though the parties expend much briefing as to whether Plaintiffs resided at the Sheehan address, the Court simply does not find such question controlling here.

If Plaintiffs do indeed have standing in this matter, the Court finds that public records, which are subject to the hearsay exception in Federal Rule of Evidence 803(8), clearly establish the government action here was not only completely justified but necessary. The Court takes judicial notice of Defendants' exhibits thirteen through fifteen, which show the property at 1673 Westwood was a public nuisance, that the City sent notice to the address, posted notice at the address, and announced by publication its intent to remedy the nuisance. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999)(Court can consider public records attached to a motion to dismiss without converting the motion to one for summary judgment under Rule 56).

Specifically, the evidence--all from public records--shows a City Inspector found in February 2009 that the "[b]usiness needs to be vacated due to no heat or water. Also all apartments are not habitable due to same. There are dead birds and mice in

7

building and used condoms, feces and empty drug bags and paraphernalia." At the hearing Cincinnati Police entered into the record a report finding evidence of vagrants and vandalism, and concluded the premises was considered a moral and safety hazard. The Fire Department entered a report observing numerous open and broken windows, and found the premises to constitute a high fire hazard. Other evidence showed the mechanical systems at the property were broken, missing, or vandalized, litter and debris were strewn throughout, the gutters and soffits were deteriorated, and a retaining wall on the side of the building was collapsing. The hearing officer concluded the property was a public nuisance and should be demolished.

Plaintiffs attempt to argue that Defendants' failure to track them or an agent down deprived them of notice regarding the demolition of their property. The Court finds that under the circumstances of this case, the City's notice regarding this uninhabited premises was reasonably calculated to apprise Plaintiffs of the pendency of the hearing regarding their nuisance property. Such notice, as argued by Defendants, comported with requirements of both the municipal code, and with due process. Plaintiffs' cited authorities are not on point, as they pertain to occupied premises, or premises with incompetent or imprisoned inhabitants, or to cases where there was only notice by publication (doc. 9 citing Robinson v. Hanrahan, 409 U.S. 38 (1972), Schroeder v. City of New York, 371 U.S. 208 (1962), Covey v. Town of Somers,

351 U.S. 141 (1956)). As noted by Defendants, the City not only mailed notice to the address (which could have been forwarded had Plaintiffs made such arrangements), but posted it at the address, and then even provided notice by publication. Plaintiffs would impose an unreasonable burden on the City by thinking the law requires more than these efforts to notify them. Any one with common sense could have seen the property would rightfully be the target of municipal action.

The Court, having taken judicial notice of the public records attached to Defendants' motion to dismiss, finds no basis for any of Plaintiffs' claims, and further agrees that Defendants, having acted in accordance with law, are entitled to statutory and qualified immunity in this matter. Defendants should in no way be held liable for the demolition costs through a mandamus action, and the City was under no duty to take the property by eminent domain. Plaintiffs are rightfully liable for the clean up costs of a mess they allowed to get out of control.

**IV. Conclusion**

Having reviewed this matter, the Court finds the Defendants' motion well-taken. Accordingly, the Court GRANTS the City of Cincinnati Defendants' Motion to Dismiss (doc. 5).

SO ORDERED.

Dated: November 4, 2011     s/S. Arthur Spiegel
                                       S. Arthur Spiegel
                                       United States Senior District Judge