```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

STATE OF OHIO, ex rel.,         :
ALFORD COTTON, et al.,          :
                                :
        Plaintiffs,             :    NO:  1:11-CV-00389
                                :
    v.                          :
                                :    **OPINION AND ORDER**
CITY OF CINCINNATI,             :
et al.,                         :
                                :
        Defendants.             :

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment Against Defendants Equipment Maintenance, Inc., and EMR Unlimited, Ltd. (doc. 16). For the reasons indicated herein, the Court DENIES Plaintiffs' Motion.

This case involves Plaintiffs' Complaint that the City of Cincinnati and its agents improperly destroyed their property at 1673 Westwood in Cincinnati (doc. 2). On November 4, 2001, the Court issued an Order taking judicial notice of public documents establishing that the property was a public nuisance and finding that the City of Cincinnati was completely justified in taking action to destroy the building on such property (doc. 14).

Plaintiffs now move for entry of default judgment against the Defendant contractors who allegedly carried out the destruction of Plaintiffs' property on behalf of the City (doc. 16). According to Plaintiffs, because the contractors were served in state court, and failed to ever file an answer, Plaintiffs should be entitled to entry of a default judgment against the contractors.

The Court does not find Plaintiffs' motion well-taken. The Court's previous Order established that the City was justified in eliminating a public nuisance, that was in fact, "a mess [Plaintiffs] allowed to get out of control" (doc. 14). The contractors in this case were merely acting as authorized agents on behalf of the City when they entered the property and remedied the problem. "An agent is privileged to do what otherwise would constitute a tort if his principal is privileged to have an agent do it and has authorized the agent to do it." RESTATEMENT (SECOND) OF AGENCY, §345 (1958).

The Court concludes that it would be a waste of judicial resources to allow this matter to proceed, as it is clear even if the Defendant contractors failed to file any Answer, it is equally clear that there is no merit to any claim against them. Plaintiffs' claims against the remaining Defendants are not plausible under <u>Ashcraft v. Iqbal</u>, 129 S.Ct. 1937, 1947 (2009). The Court notes that the Sixth Circuit has held that a district court "has the inherent power to manage its docket" so long as the management is in "harmony with the Federal Rules of Civil Procedure. <u>In re NLO</u>, 5 F.3d 154, 157 (6th Cir. 1993), <u>See also</u>, <u>In re Prevot</u>, 59 F.3d 556, 566 (6th Cir. 1995). The Court's dismissal of these Defendants is thus in accordance with Fed. R. Civ. P. (f)(1), which allows the Court to strike immaterial matters from the pleadings.

Accordingly, the Court DENIES Plaintiffs' Motion for

2

Entry of Default Judgment Against Defendants Equipment Maintenance, Inc., and EMR Unlimited, Ltd. (doc. 16), and DISMISSES this matter from the docket.

SO ORDERED.

Dated: December 22, 2011  /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge