```
                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
                      WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| ALFORD COTTON, et al., | : | |
| Plaintiffs, | : | NO: 1:11-CV-00389 |
| v. | : | |
|  | : | **OPINION AND ORDER** |
| CITY OF CINCINNATI, et al., | : | |
| Defendants. | : | |

This matter is before the Court on City of Cincinnati Defendants' Motion to Dismiss (doc. 30), Plaintiffs' Response in Opposition (doc. 33), and Defendants' Reply (doc. 38). For the reasons indicated herein, the Court GRANTS Defendants' Motion to Dismiss.

**I. Background**

The Court summarized the basic facts of this case in its previous Order granting Defendants' motion to dismiss (doc. 14). Essentially, the City Defendants condemned and demolished Plaintiffs' blighted property, which constituted a public nuisance. Plaintiffs brought claims complaining they received inadequate notice in violation of their due process rights, seeking declaratory judgment that they do not owe demolition costs to the City, seeking mandamus to institute eminent domain proceedings on the blighted property, and asserting a trespass claim arising from the demolition of the property. The Court found no basis for any

of Plaintiffs' claims, taking judicial notice of public records establishing the property was a public nuisance, and finding Defendants' actions entirely justified (doc. 14).  Specifically as to the question of notice, the Court found adequate record evidence in the certified letters sent to the blighted address notifying Plaintiffs of the public-nuisance hearing aimed at the building, and noted the City posted notice at the property and published notice in the City Bulletin (Id.).

On appeal, Plaintiffs contended it was inappropriate for the Court to take judicial notice of the mailings.  In the alternative, Plaintiffs contended if it is appropriate to take judicial notice of the mailings, the Court should further take notice of records not previously before the Court showing the certified mailings were never delivered.  The appeals court found the latter contention persuasive in the light of Jones v. Flowers, 547 U.S. 220, 225 (2006)(where mailed notice returned unclaimed, the state must take additional reasonable steps to attempt to provide notice to the property owner before disposing of the property).  The appeals court therefore vacated this Court's order "in view of the reality that the district court had no opportunity to consider the relevance of this new information," and remanded the matter to give this Court "the first shot at resolving the Cottons' claims in the light cast by all of these public records" (doc. 21).

2

## II. Applicable Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30, citing Robert G. Bone, Twombly, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct

alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id., citing Twombly, 550 U.S. at 557. As the Supreme Court explained,

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support

4

> of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

### III. Discussion

On remand, the City Defendants move to dismiss this matter yet again, contending that each of Plaintiffs' claims fail as a matter of law, and further, that Plaintiff Alford Cotton should be judicially estopped from pursuing his claims, or the Court should dismiss the claims as a result of Mr. Cotton's fraud on the Court (doc. 30). In its consideration of this matter, the Court again takes judicial notice of the public records pertaining to the condemned property. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999)(Court can consider public records attached to a motion to dismiss without converting the motion to one for summary judgment under Rule 56). The Court will address the contentions seriatum.

#### A. The Constitutional Claims

Plaintiffs' due process claim is grounded in the theory that such right was violated because Defendants failed to take adequate reasonable steps to notify them of the pendency of the demolition action. The Court initially rejected such claim, and does so again, even with the benefit of the new evidence.

The additional information before the Court at this time is that though the City sent notice by certified mail to the

5

nuisance property, Plaintiffs never signed for or received such mail.  Under the facts of this case, the Court finds no difference in outcome.  Although the parties dispute whether publication in the City Bulletin served as actual notice, there is no question that under the applicable ordinance at the time, publication in the City Bulletin was required.  The City published notice and met such requirement.  Dispositive of the question is the fact that the City posted notice at the property itself.  In Jones v. Flowers, 547 U.S. 220, 235 (2006), the Supreme Court indicated that when certified mail notice fails, the government could take "other reasonable followup measures. . .[like] post[ing] notice on the front door."  The City satisfied due process by virtue of posting notice at the property.

  The Court's conclusion is consistent as well with Karkouli's Inc. v. Dohany, 409 F.3d 279 (6th Cir. 2005) in which the county made efforts to notify plaintiff, including mailings, postings at the property, and publication.  Plaintiff in such case, as here, thought the county could have done more.  The court found however that "while [the proposition that the defendant could have done even more than it did] may be correct," there will always be "something more that could have been done."  Karkouli's Inc., 409 F.3d at 285.  The Karkouli's Inc. court stated the Constitution "does not require such heroic efforts by the Government; it requires only that the Government's effort be "reasonably calculated" to apprise a party of the pendency of the action.  Id.

6

Finally, the Court notes a distinction in this case from both Jones and Karkouli's Inc., that militates even more in the favor of Defendants. Jones and Karkouli's Inc. involved foreclosures on properties as a result of delinquent taxes. This matter, in contrast, involves a much more open and obvious problem. Plaintiffs' property was a public nuisance, and as the Court noted in its previous order, any one with common sense could have seen the property would rightfully be the target of municipal action. Plaintiffs had no reason to be surprised about the demolition when they created a hazard inviting the City to act.

Plaintiffs' claim for unreasonable seizure similarly fails. The City acted reasonably and followed its ordinances and procedures before abating Plaintiffs' nuisance property. Freeman v. City of Dallas, 242 F.3d 642, 647 (5th Cir. 2001).

**B. The Mandamus Claim**

Plaintiffs' mandamus claim seeks to force the City into eminent domain proceedings so as to compensate Plaintiffs for the taking of property interests. Defendants correctly respond that the demolition of a dangerous property is an exercise of the City's police power. Keystone Bituminous Coal Ass'n. v. Benedictis, 480 U.S. 470, 492 n.22 (1987)(the exercise of police power does not require any compensation for the affected property owners). There is no question that Plaintiffs' property constituted a public nuisance, and they have no viable claim for compensation against the City. Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1029

7

(1992), Bowditch v. Boston, 101 U.S. 16, 18 (1880).

### C. The Trespass Claim

Plaintiffs' trespass claim is that City agents entered their property without privilege. However, there was no unlawful entry here. Defendants' actions were both authorized and necessary. Entries onto private land by public officers authorized to abate public nuisances are privileged against trespass actions. Castanza v. Town of Brookhaven, 700 F.Supp. 2d 277, 294 (E.D.N.Y. 2010); Restatement (Second) Torts §202. Plaintiffs' trespass claim fails as a matter of law. The Court further agrees that, in any event, the City is entitled to statutory immunity under Ohio Revised Code §2744.02 as to such claim.

### D. Qualified Immunity

The City Defendants invoke qualified immunity, which turns on whether the facts alleged plausibly constitute the violation of a constitutional right and whether such right was clearly established. Chappell v. City of Cleveland, 585 F.3d 901, 907 (6th Cir. 2009). The Court finds no question that Plaintiffs' complaint involves a claim for a clearly established due process right to notice before the deprivation of property rights. However the complaint, taken along with the public documents of which the Court has taken judicial notice, show there was no plausible violation of Plaintiffs' rights. As noted above, the City provided notice by posting it on the property, by publication, and by making reasonable attempts by certified mail. Defendants' conduct was not

8

unconstitutional and they are entitled to qualified immunity.

### E. Judicial Estoppel and Allegations of Fraud

Defendants contend Plaintiffs should be judicially estopped from pursuing this matter based on Plaintiffs' failure to disclose this lawsuit or their ownership of the blighted property, and another Cincinnati property, in two separate bankruptcy petitions in the United States Bankruptcy Court for the Eastern District of Louisiana. The Court finds well-taken Plaintiff's position that judicial estoppel is an affirmative defense that in most cases is not appropriate for consideration in the context of a motion to dismiss. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007)(a motion to dismiss tests the sufficiency of the Complaint and generally cannot reach the merits of an affirmative defense unless the facts necessary to the affirmative defense appear on the face of the Complaint). For essentially the same reason, the Court finds the City overreaches with allegations of fraud against Plaintiffs when there is no evidence before this Court of an active misrepresentation on the part of Plaintiffs, who claim their failure to report assets before another Court was an inadvertent omission.

### IV. Conclusion

Having reviewed this matter, the Court finds Defendants' motion to dismiss well-taken. Plaintiffs received constitutionally adequate notice reasonably calculated to apprise them that their property was a public nuisance when Defendants attempted to notify

9

them by their address of record, published notice, and posted notice at the property.  Defendants could have done more but were not constitutionally required to do so.  <u>Karkouli's Inc. v. Dohany</u>, 409 F.3d 279, 285 (6th Cir. 2005).  Plaintiffs' remaining claims are without merit as Defendants' actions were completely justified and necessary.  Plaintiffs are responsible for the property they failed to maintain and should be liable for the costs to clean up the mess they allowed to get out of control.

   Accordingly, the Court GRANTS the City of Cincinnati Defendants' Motion to Dismiss (doc. 30), and DISMISSES this matter from the Court's docket.

   SO ORDERED.


Dated: April 9, 2013   <u>s/S. Arthur Spiegel     </u>
             S. Arthur Spiegel
             United States Senior District Judge